**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:07CR47-003 |
| | § | |
| SARAH MICHELLE BARTRAM | § | |
| a/k/a "ASHLEY" | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release.

After the District Court referred the matter to this Court for a report and recommendation, the Court

conducted a hearing on December 29, 2010, to determine whether Defendant violated her supervised

release. Defendant was represented by Frank Henderson. The Government was represented by

Miriam Rea.

On December 17, 2007, Defendant was sentenced by the Honorable Marcia A. Crone, United

States District Judge, to a sentence of 37 months imprisonment followed by a three-year term of

supervised release, for the offense of unlawful user of a controlled substance in possession of a

firearm. Defendant began her term of supervision on May 6, 2010. This matter was re-assigned to

the Honorable David Folsom on September 24, 2010.

1

On December 2, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 107). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance; (2) Defendant shall refrain from any unlawful use of a controlled substance, and Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (5) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; (8) under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; and (9) Defendant shall pay a special assessment in the amount of $100.

The Petition alleges that Defendant committed the following violations: (1) Defendant was arrested on September 13, 2010, in McKinney, Texas, by McKinney Police Department for the

offense of Theft $1,500, a state jail felony; (2) Defendant submitted urine specimens on September 20, 2010, November 3, 2010, and November 11, 2010, that tested positive for methamphetamine; (3) Defendant failed to submit a written monthly report within the first five days of the month for the months of September and October 2010; (4) during an unannounced home visit on November 9, 2010, by U.S. Probation Officer Teri Garza, it was discovered that Defendant was no longer residing at her last know address, according to her father, she had not been staying at this residence for a couple of weeks, and as of December 2, 2010, her whereabouts were unknown; (5) Defendant failed to notify the U.S. Probation Office within seventy-two hours of contact with McKinney Police Department on September 13, 2010; (6) Defendant failed to report as directed for drug testing at Bob Alterman, LCDC on September 3 and 17, October 6, 8, and 21, 2010; (7) Defendant failed to attend mental health counseling sessions at Fletcher Counseling as directed since September 5, 2010; and (8) Defendant has failed to pay the special assessment, is in default status, and the current balance remains at $100.

At the hearing, pursuant to an agreement by the parties, the Government withdrew all allegations other than the allegation that Defendant submitted urine specimens that tested positive for methamphetamine. Defendant entered a plea of true to that alleged violation of the conditions of her supervised release. Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 15 months, with no supervised release to follow.  Defendant shall also pay a special assessment in the amount of $100.  The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities in Bryan, Texas, if appropriate.

**SIGNED this 3rd day of January, 2011.**


_____

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE